Paul D. Ziel, Esq.
MURRAY ZIEL & JOHNSTON, PLLC
770 S. Woodruff Ave.
Idaho Falls, ID. 83401
Telephone:  (208) 528-4188
Telefax:  (208) 524-2051
E-mail: paul@murrayziel.com
Idaho State Bar No. 7497

Attorney for Defendant STANLEY G. GALLEGOS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>STANLEY G. GALLEGOS,<br><br>          Defendant. | Case No. 4:18-CR-0010-E-DCN<br><br>DEFENDANT'S MEMORANDUM<br>IN AID OF SENTENCING |

**PRELIMINARY STATEMENT**

      The defendant, Stanley G. Gallegos, by and through his attorney of record, Paul D. Ziel, submits this Memorandum in Aid of Sentencing and respectfully requests that the Court sentence Mr. Gallegos to a term of probation. Mr. Gallegos has accepted responsibility for his conduct and has cooperated extensively with the Government from the time of his arrest until the present. Mr. Gallegos has had a distinguished career in public service in both the United States Air Force and in the United States Postal Service. Mr. Gallegos' request for a sentence of non-incarceration is both appropriate and warranted.

**1. Probation is appropriate pursuant to the factors set forth in 18 U.S.C. § 3553(a).**

      Compared to many of the defendants that come before this Court for sentencing, Mr. Gallegos likely stands out due to his record of military service in the United States Air Force and

for his exceptional service as a civil servant for the United States Postal Service. Mr. Gallegos flatly acknowledges that his involvement with child pornography obtained through peer-to-peer networking was wrong. Mr. Gallegos is genuinely remorseful and contrite for his actions. This is reflected by his cooperation with the Government and by Mr. Gallegos paying extensive restitution in the amount of $150,600.80.

This Court is required to tailor an individualized sentence that is "sufficient, but not greater than necessary" to comply with the purposes of 18 U.S.C. § 3553(a)(2). In determining the sentence to be imposed, 18 U.S.C. § 3553(a)(2) requires the Court to consider the following:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed-

    (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (b) to afford adequate deterrence to criminal conduct;

    (c) to protect the public from further crimes of the defendant; and

    (d) to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a).

A term of probation is just and appropriate for the reasons stated below.

**A. The history and characteristics of Mr. Gallegos.**

Mr. Gallegos has dedicated his life to the service of the United States of America whether as active military personnel or as a civil servant. Mr. Gallegos was in the United States Air Force for 19 years, 5 months, and 27 days. Mr. Gallegos was honorably discharged and had

reached the rank of Master Seargent-E7. Mr. Gallegos earned multiple commendations and awards during his time with the USAF. These commendations include the following:

- Establishing internal surveillance standards and improving supply transactions (awarded on August 15, 1983 for service between 1980 and 1983.

- Providing maintenance and supply supports to others (awarded on August 15, 1988 for service from 1983 to 1988).

- Providing realistic combat training, managing the budget, and providing supplies (awarded November 28, 1989 for services from 1988 to 1989).

- Act of courage for saving the life of a woman ran over by a vehicle in South Korea (awarded on January 5, 1989 for a heroic act on July 25, 1989).

- Helped load and net over 500 pallets of kit assets for air deployment in support of Operation Desert Shield and prepared 1,900 kit containers (awarded March 27, 1991 for service from August through October in 1990).

- Accurate accounting and construction and operation of a large tent city (awarded June 12, 1992 for service from December 1991 through March 1992).

- Accurate accounting, counter drug and humanitarian relief, 1992 Fighter Winger Senior Noncommissioned Officer of the Year, 1993 – 12th Air Force Outstanding Supply Superintendent of the Year (awarded February 1, 1994 for service from 1989 through 1993).

After Mr. Gallegos' honorable discharge from the military Mr. Gallegos served a distinguished career for the United States Postal Service. Mr. Gallegos served twenty years and thirty-eight days in management of customer service.

Mr. Gallegos' career shows dedication, loyalty to country, and accomplishment.

Mr. Gallegos has also shown dedication and duty in his personal life. Mr. Gallegos fought hard for and won custody of his son when he learned that his ex-wife was doing drugs. Mr. Gallegos has a child who is disabled and maintains a positive relationship with his disabled

son. Mr. Gallegos has been supportive to his siblings emotionally and financially. Additionally, Mr. Gallegos maintains a close relationship with his elderly parents.

Mr. Gallegos was arrested within days of his retirement. Mr. Gallegos had looked forward to visiting and serving family in retirement.

### B. The nature and circumstances of the offense.

Mr. Gallegos acknowledges that his actions were wrong and accepts full responsibility for his actions. Mr. Gallegos does not wish to minimize his actions in any way; however, there are mitigating factors regarding the nature and circumstances of his offense.

First and foremost, Mr. Gallegos voluntarily paid $150,600.80 prior to the writing of this memorandum. The Government has represented to the undersigned counsel that the funds provided by Mr. Gallegos contributed substantially to a victim of child pornography being paid in full, or close to full, on a request for restitution. Mr. Gallegos regrets his choice to possess child pornography but is grateful that some good has come of the situation and that a victim was able to receive substantial payment for his or her suffering.

Another mitigating factor is the fact that this occurred on a peer-to-peer network. Mr. Gallegos is remorseful about the large number of files found in his possession. However, it is worth noting that a single download from an unknown source on a peer-to-peer network may produce many illegal files without the person downloading knowing the extent and breadth of the illegal files. It is undisputed by the Government that Mr. Gallegos did not view many of the files found in his possession.

### C. The seriousness of the offense, just punishment, and respect for the law.

Mr. Gallegos readily acknowledges the serious nature of his offense. Mr. Gallegos also acknowledges that just punishment and respect for the law demands that in additional to

probation, a period of prison time should be reserved in the event of re-offense or lack of cooperation on probation.

### D. Deterrence to criminal conduct.

Mr. Gallegos has paid $150,600.80 in restitution, has submitted himself to a psychosexual examination, has been in the news in a negative light, and has voluntarily agreed to a cash forfeiture. At sentencing Mr. Gallegos will be required to register as a sex offender and pay additional fees such as the special assessment. Mr. Gallegos is requesting a long period of probation and understands that his rights will be substantially restricted and that he will be required to do things such as attend sex-offender specific treatment and maintain close contact with his probation officer. These penalties and consequences will serve as a deterrent to both Mr. Gallegos and to the general public.

### E. Protection of the public.

Mr. Gallegos has honored the terms of his pretrial release and has only used the Internet in a manner approved by his supervisor. Mr. Gallegos has not accessed illegal materials from the Internet in over two (2) years dating back to his arrest in 2017. Mr. Gallegos has demonstrated that he can stay off the Internet and shun illegal materials. Additionally, Mr. Gallegos is suffering from advanced Stage IV throat cancer. Mr. Gallegos struggles to take care of his basic needs and the likelihood of him having the time or energy to access illegal materials is remote.

Mr. Gallegos has filed a copy of his psychosexual evaluation under seal in connection with the filing of the memorandum. It is important to note that the evaluator determined that Mr. Gallegos is at "low moderate risk for reoffending without treatment." Mr. Gallegos will be attending court ordered treatment on probation and will be supervised closely by a probation

officer. Given Mr. Gallegos' history over the past two (2) years, his poor health, his diagnosis, and the supervision that he will receive, Mr. Gallegos does not pose an unreasonable risk to the public that he will reoffend and access the Internet to view child pornography.[1]

### F. Defendant's treatment and medical care.

Mr. Gallegos acknowledges that it is appropriate for him receive sex-offender specific training. Mr. Gallegos can receive treatment in or out of custody and argues that there is no advantage to receiving treatment in custody.

As mentioned previously, Mr. Gallegos is suffering from advanced throat cancer. Mr. Gallegos has opted to forego treatment as his doctor indicated that the cancer is inoperable. However, Mr. Gallegos will need to be placed on hospice sometime soon. Mr. Gallegos has a prescription allowing him to access hospice care at any time. The needed hospice care will be best served out of custody.

## 2. Calculation of sentence.

The presentence investigator has calculated Mr. Gallegos' offense level at 38. The offense level should be 28. The presentence investigator improperly added 5 points for alleged crimes that Mr. Gallegos denies and that he has not been charged with, let alone convicted of. The presentence investigator also improperly added 5 points arguing that Mr. Gallegos received something of value in return by using a peer-to-peer network. The United States Court of Appeals for the Ninth Circuit has held the following

---

[1] The presentence investigation report insinuates that Mr. Gallegos has been involved in crimes not charged or before this Court. Mr. Gallegos is appearing before this Court on possession of child pornography and nothing further. Mr. Gallegos flatly denies the allegations of the presentence investigation report. Mr. Gallegos has not been charged with additional crimes and has not been able to exercise his constitutional rights to confront and cross-examine his accusers in front of a jury of his peers. There is no admissible evidence before this Court of additional crimes. Mr. Gallegos will only address the charges before this Court and believes that it is inappropriate for this Court to consider inadmissible out-of-court statements as part of his sentencing.

> Sharing child pornography files on a peer-to-peer network does not in and of itself demonstrate that the distributor expects he will get something of value in return. 'Although a defendant *may* share files on a file-sharing network with the expectation of receiving other users' files in return, this is not necessarily true in every case."

U.S. v. Hernandez, 795 F.3d 1159 (9th Cir. 2015) (emphasis included in original citation). There is nothing in Mr. Gallegos' case to indicate that he expected to "get something of value in return" for sharing his files on the peer-to-peer network. Therefore, another 5 points should be deducted from the presentence investigator's calculation of the offense level.

**3. Cooperation of Mr. Gallegos.**

Mr. Gallegos has a compelling case for probation based on his cooperation alone. Mr. Gallegos met with the Assistant United States Attorney and the lead investigator early in this case. Mr. Gallegos supplied them with his passwords so that law enforcement could access his files. Mr. Gallegos voluntarily submitted to a psychosexual examination and provided the results to the Government and to this Court. Mr. Gallegos voluntarily and gladly paid a large sum of restitution. Mr. Gallegos' cooperation should give the Court assurance that he will continue to cooperate on probation.

## CONCLUSION

Mr. Gallegos respectfully requests that the Court sentence him to a period of probation which is sufficient, but not greater than necessary to comply with the directive set forth in § 18 U.S.C. 3553(a).

DATED this 17th day of June, 2018.

                        /s/
                  Paul D. Ziel

<b>CERTIFICATE OF SERVICE</b>

      I HEREBY CERTIFY THAT, I caused a true and correct copy of the foregoing DEFENDANT'S MEMORANDUM IN AID OF SENTENCING to be electronically filed with the Clerk of the Court and using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons:

BART M. DAVIS
UNITED STATES ATTORNEY

JOHN SHIRTS
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
801 EAST SHERMAN AVENUE, #192
POCATELLO, IDAHO 83201

                                                      _____/s/_____
                                                            Paul D. Ziel